**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JIANGUANG WANG,<br><br>           Petitioner,<br><br>   v.<br><br>ERIC H. HOLDER, Jr., Attorney General,<br><br>           Respondent. | No. 13-70809<br><br>Agency No. A088-121-389<br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted May 13, 2014[**]

Before:    CLIFTON, BEA and WATFORD, Circuit Judges.

Jianguang Wang, a native and citizen of China, petitions for review of the

Board of Immigration Appeals' ("BIA") order dismissing his appeal from an

immigration judge's decision denying his application for asylum and withholding

of removal. We have jurisdiction under 8 U.S.C. § 1252. We review for

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

substantial evidence the factual findings, *Wakkary v. Holder*, 558 F.3d 1049, 1056 (9th Cir. 2009), and we deny the petition for review.

Substantial evidence supports the BIA's finding that the police's mistreatment of Wang during his arrest, the detention of Wang and his parents, the fine they paid, and the warnings about future gatherings do not rise to the level of persecution. *See Gu v. Gonzales*, 454 F.3d 1014, 1019-21 (9th Cir. 2006) (brief detention, beating and interrogation did not compel finding of past persecution); *see also Prasad v. INS*, 47 F.3d 336, 340 (9th Cir. 1995) ("Although a reasonable factfinder *could* have found [these incidents constituted] past persecution, we do not believe that a factfinder would be compelled to do so.") (emphasis in original). We reject Wang's argument that he was "prohibited from practicing his religion."

Further, substantial evidence supports the BIA's finding that Wang failed to demonstrate a well founded fear of future persecution based on one incident he suffered in 2005, because his parents, who are leaders in the church, have remained active and have not described any problems. *See Hakeem v. INS*, 273 F.3d 812, 816 (9th Cir. 2001) ("[a]n applicant's claim of persecution upon return is weakened, even undercut, when similarly-situated family members continue to live in the country without incident"), *superseded by statute on other grounds as stated*

*in Ramadan v. Gonzales*, 479 F.3d 646, 650 (9th Cir. 2007). Thus, Wang's asylum claim fails.

Because Wang failed to establish eligibility for asylum, his withholding of removal claim necessarily fails. *See Zehatye v. Gonzales*, 453 F.3d 1182, 1190 (9th Cir. 2006).

**PETITION FOR REVIEW DENIED.**